## CITY MAGISTRATES' COURT—FIRST DIVISION— NEW YORK.

### December 23, 1912.

## THE PEOPLE ex rel. ANDREW COLLINS v. CORNELIUS CAHALAN et al.

(1.) OPPRESSION—PENAL LAW, § 854—GAMBLING HOUSE A PUBLIC NUISANCE.

The police have a right to suppress gambling as a public nuisance by stationing an officer on the premises with instructions to permit no gambling to be carried on therein under section 1530, subd. 2.

(2.) SAME—SEC. 986, PENAL LAW.

If the complainant had been arrested for violating section 986 Penal Law for keeping a gambling house, the police would have no right to keep a police officer on the premises after the arrest has been made.

Before HON. WILLIAM McADOO, Chief City Magistrate:

### Decision.

The police officers in the above case entered the premises of complaint by virtue of a warrant issued by a magistrate charging that the complainant kept and maintained therein a public nuisance, offensive to public decency, in that the same was a gaming house or a house where gambling was carried on, and as such *per se* a nuisance.

That a house in which gambling is habitually carried on or in which gaming or gambling for money or other valuable things is permitted with more or less frequency, is a public nuisance, is setled beyond controversy in numerous decisions in this and other States, and that such a house is, *per se,* a public nuisance offending public decency.

After the defendants in this case had made the arrest of the

proprietor or manager, as called for by the warrant, a police officer was stationed on the premises with instructions to permit no gambling to be carried on therein. Hours of duty were so fixed that a police officer was kept continuously in the rooms where the alleged nuisance had been maintained, with the view of suppressing the same.

The right of the police to thus suppress a public nuisance is in my opinion beyond doubt. In this connection, it must be kept in view that the arrest was not made under section 986 of the Penal Law for keeping a gambling house, but under section 1530, subdivision 2, for maintaining a public nuisance. In dealing with the latter, the police have wider and more comprehensive powers than they would have had the proceedings been under section 986. This mode of attacking such places by the police and other authorities is the one most commonly in vogue outside of New York city in this State and country and in England, and their power to do so under the Penal Law, as construed in the light of the common law, is beyond question.

When the complainant was arrested on the former proceedings he had demanded, as was his right, an examination before the magistrate to whom the warrant was returnable. As a result of this examination he was discharged by the magistrate, who determined that there was not sufficient evidence to hold for the Court of Special Sessions, which was tantamount to saying that the People had not made out a case against the defendant that he was maintaining a public nuisance. This decision of the magistrate would not affect the right of the grand jury to indict the complainant, but up to this time no such indictment has been found. Notwithstanding the decision of the magistrate the defendants continue to station a police officer on the premises in question.

When the summons in this case was returned, the defendants came before me and claimed that they were suppressing a public

nuisance and that if they withdrew the physical presence of the policemen the nuisance would be resumed and the public indecency incident to a gaming house be re-established, and offered evidence to that effect.    ○

If the complainant had been arrested for violating section 986 of the Penal Law, the numerous decisions of the courts of this State are all to the effect that the police would have no right to keep a police officer on the premises as in this case after the arrest had been made.

If the magistrate before whom this warrant was returned had held the complainant for the Court of Special Sessions or the grand jury, as for maintaining a public nuisance, and the police had been placed on the premises to suppress the nuisance in the interim, I would have dismissed this summons, holding that they had the power to do so.   Here, however, the case has been dismissed by the magistrate, and, whilst the evidence submitted to me by way of defense on behalf of the police officers—(I have not examined the evidence taken before the magistrate)—convinces me beyond a reasonable doubt that the place was a gambling house and therefore a public nuisance, at the time the warrant was issued, still, I have no right to take a new complaint and put the complainant twice in jeopardy for the same offense.   He is therefore (under the recent decision of the Appellate Division, First Department, in the case of the People v. Goldfarb), at present under no charge in any court for the offense with which he was originally charged.

The police, therefore, under the circumstances, are not justified in continuing to occupy the premises.   It is unnecessary to pass on the question as to whether or not the actions of these come under section 854 of the Penal Law.

New York, December 23, 1912.